Laurie JONES, individually and as Personal Representative of the Estate of Christopher Jones, deceased, Plaintiff,

and

**Diane Karsten; Paula Meserve, Intervenors–Appellants,**

v.

**AVIDYNE CORPORATION, Defendant–Appellee.**

No. 10–35968.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 12, 2012.*

Filed Jan. 24, 2012.

Peter Richter, Miller Nash, LLP, Portland, OR, Douglas Peter Desjardins, Esquire, Transportation Injury Law Group, Washington, DC, Roger R. Roe, Jr., Esquire, Bassford Remele, A Professional Association, Minneapolis, MN, for Intervenors–Appellants.

Evan Caplan, Esquire, Ann Thornton Field, Esquire, Cozen & O'Connor, Philadelphia, PA, Thomas Emmett Cooney, David Madigan, Cooney & Crew, LLP, Lake Oswego, OR, for Defendant–Appellee.

Before: O'SCANNLAIN and RAWLINSON, Circuit Judges, and MOLLOY, District Judge.**

MEMORANDUM ***

---

* The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Diane Karsten and Paula Meserve contend that the magistrate judge erred in ordering them and other nonparties to return unredacted copies of a show-cause hearing transcript. We disagree. Karsten and Meserve waived any objection to the redactions, *see Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir.2002), and, in any event, the redaction order accorded with the common law right of access, *see Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137–38 (9th Cir. 2003). Because the redactions were proper, the magistrate judge had authority to order the return of unredacted copies of the transcript. The district court properly affirmed that order.

AFFIRMED.